593 So.2d 1370 (1992)
Arlene McPHERSON
v.
Cathy VIOLA and Prudential Property and Casualty Insurance Company.
No. 91-CA-685.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
John H. Ryan, James F. Willeford, Gordon P. Serou, Jr., Ryan & Willeford, New Orleans, for plaintiff-appellant.
Kathleen E. Simon, Simon and Rees, New Orleans, for defendants-appellees.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
GRISBAUM, Judge.
This appeal relates to the granting of a Motion for Summary Judgment in favor of the original defendant-appellee's liability insurer, Prudential Property and Casualty Insurance Company (Prudential), finding no insurance coverage for this personal injury incident under an exclusionary clause in the liability policy. We affirm.
ISSUE
The primary issue presented is whether the policy exclusion ("cars for hire") clearly and unambiguously states that it does not provide coverage to the named insured (or one authorized to use the vehicle) when it is used "to carry people or property for a fee."
FACTS
On September 25, 1989, plaintiff-appellant, Ms. Arlene M. McPherson, had engaged the defendant-appellee, Ms. Cathy Viola, to transport Ms. McPherson's horse from her farm in Bush, Louisiana, to Cascade Stables in New Orleans, Louisiana. A *1371 fee of $45 was agreed to prior to the trip. After loading the horse in the defendant's horse trailer, defendant drove away from the farm with the plaintiff following behind in her car. About three minutes into the trip, the horse fell within the trailer, apparently when its foot became caught in the manger. Ms. Viola stopped the vehicle, and she and Ms. McPherson entered the trailer in an attempt to right the horse. Some time during this attempt, Ms. McPherson caught her right ring finger between the horse and the partition in the double-wide trailer, sustaining a partial amputation thereof. This suit followed, with the trial court's grant of summary judgment to defendant Prudential, Ms. Viola's liability insurer, on the grounds that the "cars for hire" exclusionary clause in the policy precluded coverage of this incident.
LAW
Our jurisprudence pertaining to summary judgment has been discussed extensively by this Court in Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987). Importantly, our jurisprudence is replete in stating that summary judgment is appropriate only when reasonable minds must conclude there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.
Additionally, La.R.S. 32:861(A)(1), which sets forth compulsory liability requirements, provides that "[e]very self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2)...." La.R.S. 32:900(B)(2) provides that an owner's or operator's policy of liability insurance "[s]hall insure the person named therein and any other person, as insured, using such motor vehicle... with the express or implied permission of such named insured ..." subject to certain statutory limits. La. Farm Bureau Casualty Ins. Co. v. Darjean, 554 So.2d 1376 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571, 571-72 (La.1990).
The purpose of the compulsory motor vehicle liability security provision is to provide compensation for persons injured by the operation of insured vehicles and not to protect the owner or operator against liability. Darjean, supra; Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La. App. 2d Cir.1983), writ denied, 440 So.2d 754 (La.1983).
ANALYSIS
After a careful review of the pleadings and the deposition of record, along with the attached exhibits, it is readily apparent there exists no issue of material fact because there is no dispute surrounding the accident and the role of the parties at the time of the accident.
What is contested is simply whether the defendant-appellee, Prudential, is entitled to judgment as a matter of law. On the one hand, we see the plaintiff-appellant arguing that the trial court's application of the coverage exclusion to the facts violates the public policy as set out in the Louisiana Motor Vehicle Safety Responsibility Law. On the other hand, Prudential argues, by virtue of the clear language in the contract of insurance, plaintiff is excluded from coverage because the vehicle was being used at the time of the accident to carry property for a fee. We agree. The trial court apparently held that Ms. McPherson's horse was "property" and the arrangement of $45 payment was a "fee." Furthermore, we find that this plaintiff was a party to the hiring agreement and cannot be construed as an innocent third party. From this factual scenario and viewing our statutory law and our jurisprudential mandate, we see no breach of public policy and further find the trial court was eminently correct in determining that the mover, Prudential, was entitled to judgment as a matter of law.
For the reasons assigned, the judgment of the trial court is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.