806 So.2d 806 (2001)
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY
v.
Michael DELATTE.
No. 01-CA-1001.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
*807 Martin L. Broussard, Jr., Kevin K. Gipson, Broussard & Associates, New Orleans, LA, Counsel for Michael Delatte, Defendant/Third-Party Plaintiff/Appellant.
James S. Thompson, Mary K. Cryar, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, Counsel for Louisiana Farm Bureau Casualty Insurance Company, Third-Party Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
Michael Delatte appeals the dismissal of his third-party demand against Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") in this matter. We affirm.
On February 1, 1995 Delatte was in an automobile accident in his vehicle. At the time he was pulling a boat trailer that carried a boat owned by Thomas Bourgeois. The boat was damaged in the accident. Delatte's vehicle was insured by Farm Bureau, which denied coverage on the basis of an exclusion for property owned or transported by the insured. The boat was insured by State Farm Fire and Casualty Insurance Company ("State Farm"), which paid Bourgeois for the damage sustained by the boat. State Farm obtained a promissory note from Delatte for reimbursement to State Farm of the property damage disbursements State Farm had made.
On March 17, 2000 State Farm filed suit against Delatte, alleging that Delatte had executed a promissory note with a value of $6,811.78 on August 8, 1995, but that he had defaulted in payment of his obligation under the note after November 21, 1997. Accordingly, State Farm asserted that the note had become due and exigible and that it was entitled to recover the unpaid balance of $5,636.78, plus attorney's fees of 25% of the amount due, or $1,409.20, plus legal interest from the date of judicial demand.
Delatte filed a third-party demand against Farm Bureau for arbitrary and capricious denial of his claim for damage to the boat. Farm Bureau filed a motion for summary judgment, on the basis that its policy excludes coverage for damage to property being transported by an insured. The trial court granted the summary judgment, dismissing the third-party demand, and Delatte appeals.
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under the 1997 amendment to the article, the summary judgment is favored, but the burden of proof remains with the movant.
Here, there is no argument that there is any issue of material fact. The decision turns on conclusions of law by the court in interpreting the policy language.
The relevant provisions of the Farm Bureau policy are as follows:
THE COMPANY ... AGREES with the insured ...
PART I. LIABILITY
Coverages A, Bodily Injury and B, Property Damage
1. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages:
* * *
Coverage B because of injury to or destruction of property, caused by accident *808 and arising out of the ownership, maintenance or use of the automobile, including loading and unloading thereof:
* * *
USE OF TRAILERS
Coverages A and B apply to a trailer... not described in the policy used with a private passenger automobile ... described in this policy, if such trailer is not an office, store, display, demonstration, semi, or passenger trailer.
* * *
EXCLUSIONS THIS POLICY DOES NOT APPLY:
* * *
(e) under Coverage B to injury to or destruction of property (1) owned or transported by the insured....
Delatte asserts that the trial court erred in granting summary judgment, arguing that the Farm Bureau policy issued to him provides coverage for damage to property, which includes property damage to a trailer not described in the policy when used with a private passenger vehicle described in the policy.
Delatte contends that the language regarding use of trailers makes the trailer an extension of his vehicle for purposes of liability for property damage. He asserts that the policy language extended his liability coverage to include the trailer that was holding the boat he was pulling and to make the boat property insured under his liability coverage should he be at fault in causing damage to the boat. Delatte contends "the exclusion cited by Farm Bureau cannot be reconciled with the clear language of the policy extending coverage for property damage caused by the occasional use of a trailer by the insured vehicle." Alternatively, he argues that the language is filled with ambiguity and, therefore, should be construed against the insurer.
In opposition, Farm Bureau argues that the cited language clearly and unambiguously excludes coverage for damage to property being transported by the insured, that Delatte was transporting the boat when the damage occurred to it, and, therefore, that coverage for the damage to the boat is excluded. Farm Bureau points out that the only damage caused by Delatte at issue here is damage to a boat he was hauling.
Insurance companies generally are free to limit coverage in any manner they desire, as long as the limitations of liability do not conflict with statutory law or public policy. Williams v. U.S. Agencies Cas. Ins. Co., Inc., 00-1693 (La.2/21/01), 779 So.2d 729, 731. Exclusionary provisions are to be strictly construed in favor of coverage. Id.
The purpose of the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, is to provide "a mandatory, comprehensive scheme designed to protect the public from damage caused by motor vehicles." Marcus v. Hanover Ins. Co., Inc., 98-2040 (La.6/4/99), 740 So.2d 603, 605. Among the purposes of the mandatory insurance laws is "to provide a remedy for all faultless victims of motor vehicle accidents." Saltzman v. Broussard, 98-1065 (La.App. 3 Cir. 2/3/99), 736 So.2d 243, 246.
In La. R.S. 22:655(D), the legislature expressly announced our state's public policy regarding liability insurance by stating that liability policies are issued "for the benefit of all injured persons" and that it is the "purpose of all liability policies to give protection and coverage to all insureds." ... The purpose of the compulsory automobile liability insurance *809 law is not to protect the owner against liability, but to provide compensation for persons injured by the operation of insured vehicles.
Marcus, 740 So.2d at 606.
The exclusion in the policy in this case for property being transported by the insured does not conflict with that purpose; it protects for damage to the public, but does not cover property being transported by the insured. That is because such property is either property owned by the insured or is being carried by him with knowledge/permission of its owner, who thus takes the risk of the property being damaged in transit.[1]
We find no error in the trial court's determination that the insurer was entitled to summary judgment. The language on which Delatte relies regarding trailers only provides that the liability coverage provided by Coverage B of the policy extends to the use of trailers pulled by a vehicle insured under the policy. That language neither negates nor conflicts with the later exclusion of coverage under Coverage B for damages to property being transported by the insured.
Thus, if Delatte had injured another person by striking them or their property with the boat trailer at the time of the accident, the policy would provide liability coverage to him, although the injuries were caused by the trailer rather than by the insured vehicle. However, at issue in this case is not damages caused by the trailer, but rather damages to property being transported by Delatte, namely, the boat. Regardless whether the damage was caused by the operation of the vehicle or by the operation of the boat trailer, the only element of damages for which the insured seeks coverage is damage to a boat he was transporting. The exclusion is unambiguous and it does not conflict with the coverage provision regarding trailers.
For the foregoing reasons, the judgment is affirmed. Costs of the appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] See, by analogy, McPherson v. Viola, 593 So.2d 1370, 1371, in which plaintiff was denied coverage because she was a party to having her horse carried for hire by defendant's vehicle, contrary to a "cars for hire" exclusionary clause in defendant's policy, and thus plaintiff was not an innocent third party.