934 So.2d 56 (2005)
ALLSTATE INSURANCE COMPANY
v.
Robert REID.
No. 2004 CA 1620.
Court of Appeal of Louisiana, First Circuit.
November 30, 2005.
Rehearing Denied July 17, 2006.
*58 David C. Forrester, Baton Rouge, Counsel for Plaintiff/Appellee Allstate Insurance Company.
Michael A. Betts, Denham Springs, Counsel for Defendant/Appellee Robert Reid.
Henry G. Terhoeve, Baton Rouge, Counsel for Third Party Defendant/Appellant State Farm Mutual Automobile Insurance Company.
Before: CARTER, C.J., KUHN, PETTIGREW, McDONALD, and McCLENDON, JJ.
McDONALD, J.
In this appeal, an insurer contests a trial court's determination that its automobile liability policy afforded coverage for damage to a boat being transported by the insured, along with the court's imposition of penalties and attorney fees. We reverse, but remand the case to the trial court to set a reasonable attorney fee award.

BACKGROUND
This lawsuit stems from an automobile accident occurring on May 10, 2001, on Louisiana Highway 70 in Assumption Parish. At that time, Robert Reid and his friend Kenneth May were returning home from a fishing trip. Reid was driving his Dodge Ram truck and pulling a boat and trailer owned by May. At some point, Reid lost control of the vehicle and veered off the roadway, striking a bridge rail with the boat and the boat trailer, causing damage to both.
Allstate Insurance Company, which issued a policy to May insuring the boat and boat trailer, tendered $7,324.74 to May for damage to the trailer and boat as a result of the accident, and released the boat to May. Thereafter, on March 13, 2002, All-state *59 filed this lawsuit against Reid, asserting a subrogation claim seeking to recover the amount it paid to May for the boat damage.
In turn, Reid filed a third party demand against State Farm Mutual Automobile Insurance Company, which provided liability insurance on his truck. State Farm denied coverage under the policy and also refused to provide Reid with a defense on the Allstate claim. Averring that State Farm's refusal to honor the claim or provide him with a defense was arbitrary and capricious, Reid sought to recover penalties, attorney fees and costs associated with the Allstate litigation.
State Farm filed a motion for summary judgment, asserting that the only coverage available under its policy was a $500.00 limit for damage to a non-owned trailer under the collision portion of the policy. It is undisputed that State Farm paid Allstate $500.00 for the trailer damage. State Farm urged that the policy specifically excluded coverage for damage to property being transported by the insured, and therefore argued that because it had paid the policy limits on the trailer damage claim to Allstate, it had no remaining liability to Reid.
Initially, the trial court granted State Farm's motion for summary judgment only as to Reid's claims for mental and emotional anguish, but denied the motion as to the property damage claim. State Farm sought supervisory writs before this court, which were denied. Allstate Insurance Company v. Reid, XXXX-XXXX (La. App. 1st Cir.8/11/03).
Thereafter, following a trial, the court ruled that Reid and May were each fifty percent at fault in causing the boat damage. The court ordered Reid and State Farm to pay one-half of May's boat damage and entered judgment against the two in the amount of $3,912.37. The trial court found that State Farm was arbitrary and capricious in failing to provide Reid with a defense in light of its earlier denial of State Farm's motion for summary judgment on the coverage issue, followed by this court's denial of State Farm's writ application raising the coverage issue. The trial court assessed a $1,000.00 penalty against State Farm and ordered it to pay Reid $10,066.90 in attorney fees.
State Farm appealed, contending that the trial court erred in finding coverage under the State Farm policy for damage to the boat and trailer, in granting judgment in favor of Allstate when it did not sue State Farm, and also, in assessing penalties and attorney fees.

INSURANCE COVERAGE
We first address the trial court's determination that the State Farm policy afforded coverage for the damage to a boat that was transported by State Farm's insured. An insurance policy is an agreement between the parties and should be interpreted using ordinary contract principles. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. In interpreting contracts, the role of the judiciary is to ascertain the common intent of the parties. Cadwallader v. Allstate Ins. Co., XXXX-XXXX, p. 3 (La.6/27/03), 848 So.2d 577, 580. If the language in an insurance contract is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. Reynolds, 634 So.2d at 1183.
Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. Cadwallader, XXXX-XXXX at p. 4, 848 So.2d at 580. For the rule of strict construction *60 to apply, an insurance policy must not only be susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Id.
It is equally well settled, however, that subject to the above rules of interpretation, insurance companies have a right to limit coverage in any manner they so desire, provided the policy limitations do not conflict with statutory provisions or public policy. Reynolds, 634 So.2d at 1183. The insurer has the burden of showing that a loss falls within a policy exclusion. Classert v. Butler, 98-1991, p. 9 (La.App. 1st Cir.11/5/99), 746 So.2d 787, 792.
With these precepts in mind, we turn to the pertinent language of the State Farm policy. The liability portion of the policy, set forth in Coverage A, obligates State Farm to pay damages that an insured becomes legally liable to pay because of "damage to or destruction of property including loss of its use" resulting from an accident caused by the use of the insured's vehicle. The policy contains two separate sections providing for trailer coverage. The first, found under the liability portion of the policy, provides that trailers designed to be pulled by a private passenger car or utility vehicle, with some exceptions as to the type of trailer, are covered "while owned or used by an insured." The policy contains the following exclusion from liability coverage:

When Coverage A Does Not Apply
In addition to the limitations of coverage in Who is an Insured and Trailer Coverage:
THERE IS NO COVERAGE:
4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN INSURED.
The second trailer provision is found in the policy's comprehensive/collision coverage, and provides as follows:

Trailer Coverage

2. Non-Owned trailer or Detachable Living Quarters
Any physical damage coverage in force on your car applies to a non-owned:
a. trailer, if it is designed for use with a private passenger car...
used by the first person named in the declarations, his or her spouse or their relatives.
The most we will pay under the comprehensive or collision coverage for a loss to such non-owned trailer or unit is $500.00.
(Emphasis in original)
State Farm contends that its exclusion from liability coverage for any damage to property "transported by an insured" plainly excludes coverage for the damage to May's boat in this case. Allstate and Reid, however, submit that the exclusionary language is ambiguous, positing that while the first two exclusions for property "owned by" or "rented to" the insured are perfectly clear, the provisions that exclude property "in the care of" or "transported by" the insured are not, as they could be interpreted in different ways. Allstate points out that the policy specifically provides coverage for a non-owned trailer pulled by the State Farm insured, and under that coverage, there is no specific exclusion of the contents within the trailer from coverage. Thus, it submits, even if the boat is not covered under the general liability provision, it would be covered under the second trailer provision. In any event, Allstate posits, reason and probability suggest that if the boat trailer were covered, then the boat belonging on the trailer should be covered by the liability insurance contract.
*61 In a case relied on by State Farm, under nearly identical circumstances, a Louisiana appellate court held that a State Farm policy did not provide coverage for damage to a boat being transported by its insured. In State Farm Fire & Cas. Ins. Co. v. Delatte, XXXX-XXXX (La.App. 5th Cir.12/26/01), 806 So.2d 806, the State Farm policy provided liability coverage for the use of a trailer with a private passenger automobile. However, the policy specifically excluded from liability coverage "injury or destruction of property (1) owned or transported by the insured." State Farm's insured was pulling a boat and trailer owned by another when he was involved in an automobile accident. The insured insisted that State Farm was liable for the boat damage, urging that the exclusion for damage to property transported by the insured could not be reconciled with the clear language of the policy extending coverage for property damage caused by the use of a trailer by the insured vehicle.
The court disagreed, finding no conflict between the policy's liability coverage for the use of a trailer pulled by the insured vehicle and its exclusion from coverage for damages to property being transported by the insured. In so doing, the court observed:
Thus, if Delatte had injured another person by striking them or their property with the boat trailer at the time of the accident, the policy would provide liability coverage to him, although the injuries were caused by the trailer rather than by the insured vehicle. However, at issue in this case is not damages caused by the trailer, but rather damages to property being transported by Delatte, namely, the boat. Regardless whether the damage was caused by the operation of the vehicle or by the operation of the boat trailer, the only element of damages for which the insured seeks coverage is damage to a boat he was transporting. The exclusion is unambiguous and it does not conflict with the coverage provision regarding trailers.
State Farm v. Delatte, XXXX-XXXX at pp. 6-7, 806 So.2d at 809.
We agree with State Farm's position. The policy's liability coverage for trailers and its $500.00 limitation under the collision/comprehensive portion of the policy for damage to a non-owned trailer does not render the exclusionary language ambiguous. Rather, the policy's general liability coverage provision is subject to the exclusionary language in the policy, specifically, that provision denying coverage for damages to the property of others being transported by the insured. The policy plainly excludes damage to the boat, which was being transported by Reid, and denies coverage for any damage to the non-owned trailer beyond the $500.00 limit, which has already been tendered by State Farm to Allstate. Thus, as written, there is no coverage under the State Farm policy for the damage to May's boat. See also Bergquist v. Fernandez, 535 So.2d 827 (La. App. 2nd Cir.1988) (upholding a business automobile policy's exclusion from coverage for damage to property transported by the insured where an employee of the insured horse transport company was involved in an accident resulting in injury to the horses being transported).
Next, we address Reid and Allstate's argument that the exclusion in State Farm's policy from liability coverage for property being transported by the insured violates the Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, which sets forth a mandatory, comprehensive scheme designed to protect the public from damage caused by motor vehicles. La. R.S. 32:900 B(2) provides that a vehicle owner's policy of liability insurance "[s]hall *62 insure the person named therein ... against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle...." The law stipulates that the policy must provide coverage in the amount of "[t]en thousand dollars because of bodily injury to or destruction of property of others in any one accident." La. R.S. 32:900 B(2)(c). Reid stresses that law does not distinguish between types of property to be included or excluded, but mandates coverage for the destruction of property of others. He submits that the accident in question is precisely what the legislature intended mandatory insurance to cover against, as there was: (1) a loss sustained by May; (2) liability imposed by law (negligence); (3) the negligence caused the damages; and (4) the liability and damages arose directly from Reid's use of the insured vehicle.
State Farm, however, contends that its exclusion for damage to property being transported by the insured is authorized by the compulsory insurance law. Specifically, La. R.S. 32:900 E states:
Such motor vehicle liability policy need not insure any liability under any worker's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such motor vehicle nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.
(Emphasis in original)
The parties dispute the proper reading of the exclusion. State Farm's position is that La. R.S. 32:900 E contains a number of exclusions, one of which is for property owned by, rented to, in the charge of or transported by the insured. Reid submits, however, that it is not logical to read Subsection E as providing a listing of exclusions. Rather, he argues, by breaking Subsection E into its sub-parts, the provision only makes sense if it is read as a subsection allowing exclusions related only to Workers' Compensation. He insists that when read in its proper context, it is evident that Subsection E is entirely devoted to allowing insurers to exclude coverage for situations that are covered under the Louisiana Workers' Compensation statute and commercial liability policies.
Under the general rules of statutory construction, we begin with the premise that legislation is the solemn expression of the legislative will. La. Civ.Code art. 2. Therefore, interpretation of a law involves, primarily, the search for the legislature's intent. Certified Capital Corporation v. Reis, 2003-2525 (La.App. 1st Cir.10/29/04), 897 So.2d 128, 130, writ denied, 2004-2876 (La.1/28/05), 893 So.2d 79. When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9.
Construing Subsection E alone and in context of the other provisions of La. R.S. 32:900, it is obvious that the legislature intended it to be a listing of permissible exemptions from the mandatory insurance law. This reading is dictated by the legislature's use of the word "nor" to separate the three situations for which liability coverage is not mandated. Properly read, Subsection E provides that the policy need not insure: (1) any liability under any workers' compensation law; (2) any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic of the insured, or while engaged in the operation, maintenance or repair of *63 any such motor vehicle, and (3) any liability for damage to property owned by, rented to, in charge of or transported by the insured. Thus, the compulsory insurance law provides that liability for property transported by the insured may be excluded from coverage under a liability insurance policy, and as the State Farm policy tracks the language found in La. R.S. 32:900 E's exception, State Farm's coverage limitation is a valid one.[1] Accordingly, we find the trial court erred in finding coverage under the State Farm policy in this case, and we reverse that portion of the judgment awarding the sum of $3,912.37 for the damage to May's boat.[2]
Because State Farm's policy does not provide coverage on the property damage claim, State Farm cannot be held liable for statutory penalties and attorney fees under La. R.S. 22:658. State Farm's success in this court on the coverage issue, however, does not end our inquiry. The State Farm policy imposes a duty on State Farm to defend Reid in a suit for damages resulting from the operation of his insured vehicle. State Farm can be held liable for attorney fees if it breached its obligation to defend Reid on the Allstate claim.
An insurer's obligation to defend suits against its insured is broader than its liability for damages, and thus, where it breaches that duty, it can be held liable for attorney fees regardless of the outcome of the lawsuit. Vaughn v. Franklin, XXXX-XXXX, pp. 4-5 (La.App. 1st Cir.3/28/01), 785 So.2d 79, 83, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 969. The insurer's obligation to defend is determined by the allegations of the plaintiff's petition. The insurer must defend the insured unless the petition unambiguously excludes coverage. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. Prestenbach v. Badeaux, 2003-809, p. 3 (La.App. 5th Cir.12/30/03), 865 So.2d 180, 181-82. The allegations of Allstate's petition disclosed at least the possibility of liability under the policy, and State Farm should have provided Reid with an attorney on the coverage issue.
However, we agree with State Farm's argument that the trial court's attorney fee award is not reasonably supported by the record. The evidence on this issue was presented during the trial through the testimony of the client. Reid identified a document as a bill he received from his attorney. The bill outlined charges in the amount of $10,066.90, and the trial court awarded that sum to Reid in attorney fees. However, because Reid did not prepare the bill, he could not testify as to the accuracy of the charges contained therein, and thus, there was no competent testimony relating the individual charges to the instant litigation. Furthermore, there is no indication the trial court made a determination as to the reasonableness of the charged fee. Under these circumstances, we reverse the attorney fee award and remand the case, in the interest of justice, to hold a hearing and set a reasonable attorney fee award.
*64 Lastly, we note that in his brief, Reid requested additional attorney fees for work performed by his attorney in connection with this appeal to determine the coverage issue. However, Reid failed to request the increase in accordance with the proper appellate procedure. Louisiana Code Civil Procedure article 2133 requires an appellee to answer an appeal whenever he demands damages against the appellant. Reid did not file an answer to this appeal. And while he raised the issue in the brief, the brief was not filed within 15 days of the return day or lodging of the record as is mandated by article 2133, and therefore, the request is untimely. Accordingly, Reid is not entitled to an increase in attorney fees for defending this appeal. See Hallaron v. Jacob's Engineering Group, Inc., 2004-876, p. 2 (La.App. 5th Cir.1/25/05), 893 So.2d 127, 133.

CONCLUSION
For the above reasons, the judgment appealed from is reversed, and the case is remanded to the trial court to set a reasonable attorney fee. All costs of this appeal are assessed to appellee, Robert Reid.
REVERSED AND REMANDED.
KUHN, J., dissents.
PETTIGREW, J., dissents and assigns reasons.
PETTIGREW, J., dissenting.
I respectfully dissent from the majority, because I am of the humble opinion that La. R.S. 32:900 E only allows insurers to exclude coverage for situations covered under the Louisiana Workers' Compensation statutes and commercial liability policies. I would affirm the trial court.
NOTES
[1] We note that in the case of State Farm Fire and Cas. Ins. Co. v. Delatte, XXXX-XXXX (La. App. 5th Cir.12/26/01), 806 So.2d 806, the fifth circuit ruled that an exclusion in a liability policy for damage to property transported by the insured was not precluded by the compulsory insurance law on a different basis.
[2] This ruling renders moot the issue raised in State Farm's brief in assignment of error number two regarding the propriety of the monetary judgment rendered against it in favor of Allstate despite the fact that Allstate never filed a claim in the litigation against State Farm.