934 So.2d 99 (2006)
Richard BROWN
v.
HARMONY, L.L.C.
No. 2005 CA 0747.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
Rehearing Denied May 10, 2006.
*100 Richard R. Brown, Plaquemine, In Proper Person Plaintiff/Appellant.
Milton Osborne, Jr., Plaquemine, In Proper Person Defendant-in-Motion/Appellant.
Brent J. Bourgeois, Corinne M. Blache, Terri Collins, Baton Rouge, for Defendant/Appellee Harmony, L.L.C.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
WELCH, J.
Appellants challenge the judgment of a Workers' Compensation Judge (WCJ) imposing sanctions against them for violations of LSA-C.C.P. art. 863. We affirm.

FACTUAL AND PROCEDURAL HISTORY
In 1996, Richard Brown (Brown) was allegedly injured in an accident at the Georgia Gulf facility in Plaquemine, Louisiana, while in the course and scope of his employment with Harmony Corporation, the predecessor to defendant, Harmony, L.L.C. (Harmony). Brown filed a claim for workers' compensation benefits and received medical benefits totaling $14,247.87, as well as indemnity benefits totaling $16,167.60.[1]
In addition to his workers' compensation claim, Brown filed a tort suit against various defendants. Harmony intervened in those proceedings, seeking full reimbursement from the tort defendants for all workers' compensation benefits it had paid in connection with the injuries Brown sustained in the accident. Harmony and Brown subsequently entered into an agreement compromising and settling their disputes. According to the terms of the agreement, Brown was to receive the sum of $175,000.00 from the tort defendants and Harmony agreed to waive its reimbursement claim. In consideration of the sum paid and Harmony's waiver of its reimbursement claim, Brown, who was represented by counsel, agreed to release Harmony from any and all claims he had against Harmony arising out of the accident at the Georgia Gulf facility. This settlement was approved by judgment of the WCJ on October 27, 1999.
On October 14, 2002, almost three years after the settlement had been approved, Brown filed a new claim for workers' compensation benefits against Harmony, claiming that he had not received any indemnity or medical benefits as a result of the accident. Brown also contended no medical treatment had been authorized, he suffered from an occupational disease, his Workers' Compensation rate was incorrect, his benefits had been terminated or reduced, and medical treatment had not been authorized. Harmony responded by filing peremptory exceptions pleading the objections of res judicata and prescription. According to Harmony, Brown's claims for benefits had been compromised in the earlier settlement agreement. In addition, Harmony contended that Brown's claims were prescribed because no benefits had been paid to Brown for more than three years before he filed his claim in 2002.
The exceptions were set for hearing on November 14, 2003; however, no opposition was filed to the exceptions, and neither Brown nor his attorney, Milton Osborne, Jr. (Osborne),[2] appeared at the *101 hearing. After allowing Harmony to present its evidence, the WCJ rendered judgment dismissing Brown's claims. A judgment to that effect was signed on December 15, 2003, and notice of the judgment was mailed to Brown through his attorney on December 19, 2003. No appeal was taken from this judgment, and the judgment is now final.
On December 24, 2003, Harmony filed a motion for sanctions against both Brown and Osborne pursuant to LSA-C.C.P. art. 863. After a hearing, the WCJ rendered judgment against Brown and Osborne, awarding sanctions to Harmony in the amount of $5,685.26, with legal interest until paid. A judgment to that effect was signed on March 3, 2004; Brown and Osborne filed a motion for devolutive appeal challenging that judgment on May 19, 2004.[3]
Brown filed an appellate brief in proper person after he apparently decided to terminate Osborne's representation of him. However, despite the fact that Osborne was named as a judgment debtor in the judgment awarding sanctions, he did not file any brief in this court. Therefore, on February 10, 2006, this court ordered Osborne to file a brief with this court or his appeal would be dismissed. Osborne filed his brief with this court on February 15, 2006.

DISCUSSION
The motion for appeal filed by Brown and Osborne specifically referenced the March 3, 2004 judgment imposing sanctions against them. However, neither appellant has raised any assignments of error pertaining to the issue of sanctions. Instead, appellants have attempted to challenge the earlier settlement between the parties, which was approved by the WCJ pursuant to LSA-R.S. 23:1272 on October 27, 1999. The judgment approving the settlement is no longer appealable as the delays for challenging it have elapsed. See LSA-C.C.P. art. 2087. Therefore, the 1999 judgment has acquired the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.[4]Lay v. Stalder, 99-0402 (La. App. 1st Cir.3/31/00), 757 So.2d 916, 919. Because the appellants have failed to raise (or brief) any issues regarding the judgment actually before us, this appeal presents nothing for our review. Thus, we affirm the March 3, 2004 judgment.
In its brief to this court, Harmony has requested additional attorney fees for work performed by its attorney in this appeal. However, Harmony failed to request *102 the increase in accordance with the proper appellate procedure. Article 2133 of the Louisiana Code of Civil Procedure requires an appellee to answer an appeal whenever he demands damages against the appellant. Harmony did not file an answer to this appeal. Accordingly, Harmony is not entitled to an increase in attorney fees for defending this appeal. See Allstate Ins. Co. v. Reid, XXXX-XXXX (La.App. 1st Cir.11/30/05), 934 So.2d 56, 64, 2005 WL 3194297.

DECREE
For the reasons assigned above, we hereby affirm the judgment of the WCJ, which imposed sanctions on Richard Brown and Milton Osborne. We further deny the motion to dismiss filed by Harmony, L.L.C. and the motion to supplement the record filed by Richard Brown. All costs of this appeal are assessed to appellants.
MOTION TO DISMISS DENIED; MOTION TO SUPPLEMENT RECORD DENIED; JUDGMENT AFFIRMED.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurring.
Arguably, a question exists regarding whether an attorney, such as Mr. Osborne, may be sanctioned under La. C.C.P. art. 863 when he has not signed any pleadings or verifications, but has appeared in the proceedings. However, I concur with the majority opinion, as this issue was not properly before us.
NOTES
[1] According to the payment history report in the record, Brown received 60 indemnity payments of $269.46 each.
[2] Osborne did not represent Brown in the earlier tort proceedings.
[3] On May 5, 2005, Harmony filed a motion to dismiss the appeal, contending that the appeal had not been timely filed. Harmony also contended that the appeal should be dismissed for violations of Uniform Rules, Courts of Appeal, Rule 3-1.1 and further requested additional attorney fees and costs for having to respond to the appeal. Another panel of this court denied the motion in part, finding that notice of judgment had not been sent by the Office of Workers' Compensation as required, which prevented the appeal delays from running. Thus, the panel found that the appeal was timely. The panel further denied Harmony's request for damages for frivolous appeal, because such a request must be made by appeal or answer to appeal. Finally, the panel referred the issue of the rule violations to the panel considering the merits of the appeal. Brown v. Harmony, LLC, 2005 CA 0747 (La.App. 1st Cir.9/9/05). We find that Harmony did not timely file the motion to dismiss the appeal pursuant to LSA-C.C.P. art. 2161. Therefore, we need not address the remaining issue of rule violations and we deny Harmony's motion to dismiss.
[4] Brown has filed a motion to supplement the record on appeal with evidence concerning his challenge to the 1999 judgment. Because that judgment is no longer appealable, we deny the motion.