McDonald, j.
 

 |2The plaintiff in this case, Richard Brown, filed a disputed claim for compensation against his former employer, Turner Industries, received by the Office of Workers’ Compensation on April 3, 2006. Exceptions raising the objections of res judi-cata and prescription were filed by Turner, and, after a hearing, the claim was dismissed with prejudice based on a finding that the matter had already been adjudicated.
 

 A devolutive appeal was lodged; however a brief was not filed. Instead counsel for Mr. Brown filed a motion to remand the appeal record and order the Office of Workers’ Compensation District 5 to supplement the appeal record with the record of the proceedings in which the judgment was rendered that forms the basis for the res judicata exception. Turner answered the appeal requesting attorney fees pursuant to La. C.C.P. art. 863 against both plaintiff and his counsel.
 

 The appeal was dismissed on October 7, 2008, pursuant to Court of Appeal Rule 2-8.6, failure to file a brief. The motion to remand the record was referred to the panel hearing the remaining matter, the defendant’s request for sanctions and attorney fees.
 

 The underlying facts in this matter are that Mr. Brown was employed by Turner in 1996, working at the Georgia Gulf facility for Harmony Corporation, a subsidiary of Turner Industries. On or about September 26, 1996, Mr. Brown was subjected to a chemical exposure that required medical treatment. Turner paid Mr. Brown’s medical expenses, and beginning January 15, 1997, paid indemnity payments based on an average weekly wage of $269.46. In early 1998, medical evidence indicated that
 
 *1009
 
 Mr. Brown was able to return to work, and his compensation was stopped effective March 3, 1998, although medical benefits were ongoing.
 

 On October 27, 1999, a Judgment of Approval of Settlement was signed by a Workers’ Compensation judge based on a Joint Petition of Employee and Employer. The petition requested authority to enter into a compromise and settlement agreement of Mr. Brown’s claims against his employer and other tort defendants pursuant to La. R.S. |?)23:1271, et seq, providing for lump sum payments of workers’ compensation claims. The October 27, 1999 judgment discharged the employer, Turner, from all claims in connection with the exposure incident at Georgia Gulf upon payment of a lump-sum payment of $175,000.00.
 

 In October 2002, Mr. Brown filed a disputed claim for compensation with the Office of Workers’ Compensation against Turner, alleging injury from chemical exposure in September 1996. A hearing on the matter was held December 12, 2003; however, neither Mr. Brown nor his legal counsel was present. The transcript of that hearing, which was admitted as an exhibit in the matter before us, indicates that Turner asserted that Mr. Brown’s claims had prescribed. The claim for indemnity benefits prescribed in February 2001, and his claim for medical benefits prescribed in September 2002. It was further asserted that Mr. Brown’s claim was also subject to an exception raising the objection of res judicata because the settlement of October 27, 1999, included a waiver of workers’ compensation benefits. The objections raising the exceptions of prescription and res judicata were both granted, and the case was dismissed with prejudice at claimant’s cost. That judgment was not appealed.
 

 Turner had requested attorney fees for having to defend the claim. Hearing on that matter was February 27, 2004; Mr. Brown and his counsel were both present. Mr. Brown acknowledged that the claim had no merit because of the 1999 settlement, but argued that it was not frivolous because there was an issue regarding the attorney fees charged in that settlement in that they were excessive under the workers’ compensation statute. It was clear from Mr. Brown’s testimony that his complaint was against the attorney settling his original claim. Sanctions in the amount of $5,685.26 were imposed on Mr. Brown and his counsel, in solido. That judgment was appealed and affirmed.
 
 [1]
 

 In April 2006, another disputed claim for benefits was filed alleging the same 1996 injury. Hearing on that claim was on August 10, 2007, at which time the claim was|4dismissed with prejudice on the grounds of res judicata, and sanctions in the amount of $5,000.00 were ordered. That judgment was appealed and is the matter before us. Because the appeal has been dismissed, the remaining issue is Turner’s answer to the appeal requesting attorney fees for having to file an appellee brief and an answer to the appeal. We note that Turner did not file a brief and also that the workers’ compensation judge awarded $5,000.00 in sanctions. We decline to award additional attorney fees in this matter.
 

 Brown’s motion to remand the record to be supplemented is denied. It is clear from the exhibits in the record that this matter has already been adjudicated, and there is no evidence that could support further intervention by this court.
 

 Based on the foregoing, the motion to remand the record is denied; the appeal is
 
 *1010
 
 dismissed; the answer to the appeal is denied. Costs of this appeal are assessed equally against Richard Brown and Turner Industries.
 

 MOTION TO REMAND DENIED; TURNER INDUSTRIES REQUEST FOR ATTORNEY FEES DENIED.
 

 [1]
 

 .
 
 Brown v. Harmony, L.L.C.,
 
 05-0747 (La. App. 1 Cir. 3/24/06), 934 So.2d 99.