SEXTON, Judge Pro Tem.
11Plaintiff/Appellant, LUBA Casualty Insurance Company (“LUBA”), and Interve-nor/Appellant, Scott Ramociotti, appeal two separate summary judgments in favor of Defendants/Appellees, Helping Hands Physical Therapy, LLC (“Helping Hands”), and its insurer, American Casualty Company of Reading, Pennsylvania, respectively dismissing with prejudice LUBA’s and Mr. Ramociotti’s claims against Helping Hands. For the reasons set forth herein, the summary judgments are reversed and the matter is remanded.

FACTS

Mr. Ramociotti’s left hand was injured by a saw blade in a work-related accident on May 7, 2008. The accident resulted in amputation of three fingers on his left hand and a fracture of his left index finger. *892 Mr. Ramociotti underwent several surgeries, including fusion of his left index finger. LUBA was the employer’s workers’ compensation carrier and paid benefits to, and on behalf of, Mr. Ramociotti.
During the course of treatment, Mr. Ra-mociotti was referred to Helping Hands for physical therapy to restore function and strength to his left arm. The physical therapy regimen created for Mr. Ramo-ciotti by Helping Hands, and approved by his orthopedic surgeon, included exercises with a Thera-Band exercise band.
The Thera-Band is a yellow latex band, much like a very large rubber band, that is stretched during exercises providing muscle building through resistance. It was provided to Mr. Ramociotti by Chere Johnson, the Helping Hands physical' therapist, and the exercises were to be performed by Mr. Ramociotti at home.
|2Mr. Ramociotti used the Thera-Band uneventfully several times a week for about a month. On August 23, 2009, however, during one of the exercises, the Thera-Band broke and re-injured Mr. Ra-mociotti’s left index finger. This re-injury resulted in additional medical treatment and additional benefits paid by LUBA.
On August 2, 2010, LUBA filed suit against the manufacturer of the Thera-Band, Hygenic Corporation d/b/a Thera-Band,[1] and Helping Hands to recoup additional benefits paid to, or on behalf of, Mr. Ramociotti resulting from the re-injury caused by the failure of the Thera-Band. Helping Hands’ insurer was added by supplemental petition on June 28, 2011. Helping Hands filed a motion for summary judgment on January 10, 2011. Hearing on the motion was set for August 4, 2011. In the interim, on July 19, 2011, Mr. Ra-mociotti filed a Petition for Intervention asserting product liability claims against Hygenic Corporation and negligence claims against Helping Hands for failure to properly instruct and warn him on use of the Thera-Band. The hearing on the motion for summary judgment on LUBA’s claims took place on August 4 and the motion was granted that date. LUBA took a devolutive appeal and the appeal order was signed on October 11, 2011.
On October 24, 2011, Helping Hands filed another motion for summary judgment in response to Mr. Ramociotti’s Petition for Intervention.[2] Hearing on the motion was set for December 8, 2011. Following a very brief argument, the motion was granted by the trial judge and Mr. Ramociotti’s claims against |aHelping Hands were dismissed. Mr. Ramociotti also filed a devolutive appeal. Both summary judgments are before us for review.[3]

DISCUSSION

Summary Judgment — Applicable Law
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Palmer v. Martinez, 45,318 (La.App.2d Cir.7/21/10), 42 So.3d 1147, writs denied, 10-1952, 10-1953, 10-1955 (La.11/5/10), 50 So.3d 804, 805. The sum *893 mary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and .shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B); Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544.
On a motion for summary judgment, the mover has the burden of proof. A mover who will not bear the burden of proof at trial on the matter before the court on the motion is not required to negate all essential elements of the adverse party’s claim, action or defense. Rather, the mover need only point out an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. La. C.C.P. art. 966(C)(2).
| ¿When the motion for summary judgment is made and supported as provided in La. C.C.P. art. 966, the adverse party “may not rest on the mere allegations or denials of his pleading,” but his response, by affidavits or other proper summary judgment evidence, “must set forth specific facts showing that there is a genuine issue for trial.” If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
In conducting our de novo review, we consider all reasonable inferences to be drawn from the record in the light most favorable to the non-movant. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764.
In order to prevail in a negligence action, the plaintiff must show that (1) the conduct in question was a cause in fact of the resultant harm; (2) the defendant owed a duty to plaintiff; (3) the duty owed was breached; and (4) the risk or harm caused was within the scope of the breached duty. Mart v. Hill, 505 So.2d 1120 (La.1987). In the case sub judice, the issue in both summary judgment motions was whether there exists a genuine issue of material fact regarding whether Helping Hands, through Ms. Johnson, breached its duty to properly instruct and warn Mr. Ramociotti about the Thera-Band. Our de novo review of the record reveals a clear factual issue that must be decided by the trier of fact and which renders summary judgment inappropriate.
The manufacturer’s warnings for proper use of the Thera-Band provide that the band is to be “examined for small nicks, tears or punctures” before each use and that the band should be discarded and replaced if “any flaws” are found. |5The danger is spontaneous tearing of the band which can result in injury, which is exactly what happened to Mr. Ramociotti.
In support of its motions for summary judgment, Helping Hands offered the deposition testimony of Ms. Johnson. She testified that she provided specific instructions and warnings to Mr. Ramociotti about inspecting the band for any nicks, tears or thin places prior to each use. Ms. Johnson stated that she explains to patients that the Thera-Band is a rubber band and can break. Specifically, Ms. Johnson testified, “I tell them to inspect it each and every time before they use it. Look for knicks (sic), pull it apart and see if it looks thinner.” She claims to advise all of her patients that, if there is a problem with the band, the patient should bring it to her and she will replace it with a new one.
*894 Mr. Ramociotti testified in his deposition, prior to filing his Petition for Intervention, that he “eyeballed” the Thera-Band before using it and that he used his common sense in looking at the band to make sure it was not torn or cut before stretching it. After intervening and in opposition to Helping Hands’ motion, Mr. Ramociotti testified by affidavit that he was not given written manuals or warnings of any kind on proper use of the Thera-Band, nor did Ms. Johnson verbally instruct him on the importance of closely inspecting the Thera-Band in accordance with the manufacturer’s warnings. He further testified that Ms. Johnson did not advise him to inspect the band for any and all “small nicks, tears or punctures” or about the need to discard and replace the band if any flaws were present. Mr. Ra-mociotti testified in the affidavit that he did not examine the Thera-Band as closely as the manufacturer’s warning provides because he was not instructed to do so by Ms. Johnson. We find no [^conflict between Mr. Ramociotti’s deposition and affidavit testimonies. The focus of the inquiry is on the warnings given by Ms. Johnson, or lack thereof, not whether Mr. Ramociot-ti exercised good common sense in using the Thera-Band.
As previously stated, the sufficiency of the warnings and instructions provided by Helping Hands is the central issue in the case. The above-described testimony is contradictory and, thus, creates a genuine issue of material fact rendering summary judgment inappropriate.
As a final note, we are mindful of Mr. Ramociotti’s argument that the summary judgment procedure was abused in this case with the addition of last minute and untimely evidentiary support for Helping Hands’ motion for summary judgment. While we note possible procedural irregularities due to the last minute addition of supporting evidence by Helping Hands, m light of our holding on the merits, we pretermit discussion of this matter.

DECREE

For the foregoing reasons, the summary judgments in favor of Helping Hands Physical Therapy, LLC, and dismissing the claims of LUBA Casualty Insurance Company and Scott Ramociotti are reversed and the matter is remanded to the trial court for further proceedings. Costs of appeal are assessed to Helping Hands Physical Therapy, LLC.
JUDGMENTS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

. Hygenic Corporation also filed a motion for summary judgment against LUBA’s claims, which was denied by the trial court.

. Hygenic Corporation did not file a motion for summary judgment in response to Mr. Ramociotti’s petition for intervention.

.LUBA’s return date passed in January 2012. Following the trial court’s granting of Helping Hand’s motion against Mr. Ramociotti and his motion and order for appeal, the clerk of the district court moved to have both appeals made returnable on the same date. The trial judge granted the motion; and, therefore, the appeals of both LUBA and Mr. Ra-mociotti are now before us.