STONE, J.
The applicant, GEICO Casualty Company ("GEICO"), filed a motion for summary judgment asserting that its automobile insurance policy issued to Asha Sade Johnson ("Johnson") did not provide liability coverage for property damage sustained by Ruby Lee Lewis ("Lewis"). The trial court denied the motion, and GEICO now seeks this court's supervisory review. For the reasons assigned below, the writ is granted and made peremptory. GEICO's motion for summary judgment is granted, and Lewis' action against GEICO is dismissed.
FACTS AND PROCEDURAL HISTORY
This application stems from a single-vehicle accident that occurred on July 11, 2016. At the time of the accident, Johnson was the permissive driver of a Jeep Cherokee owned by her mother, Lewis. The vehicle sustained significant property damage as a result of the accident. Lewis did not maintain collision or comprehensive coverage with her own insurer; however, Johnson owned a vehicle that was insured by GEICO. On January 3, 2017, Lewis filed a petition for damages against GEICO seeking to recover damages to her vehicle under Johnson's automobile insurance policy.
On March 6, 2017, GEICO filed a motion for summary judgment, arguing Johnson's policy excluded liability coverage for damage to property operated by Johnson. A hearing on the matter was held on May 18, 2017. After taking the matter under advisement, the trial court filed a written judgment on July 7, 2017, denying GEICO's motion for summary judgment. On August 4, 2017, GEICO filed this application for supervisory review of the trial court's judgment. On October 5, 2017, this court ordered GEICO's writ granted to docket for our review.
DISCUSSION
Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law. La. C. C. P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents *817 show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C. C. P. art. 966(A)(3). Appellate courts review summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Costello v. Hardy , 03-1146 (La. 01/21/04), 864 So.2d 129 ; Schelmety v. Yamaha Motor Corp., USA , 50,586 (La. App. 2 Cir. 04/13/16), 193 So.3d 194, 198, writ denied , 2016-0903 (La. 09/06/16), 205 So.3d 919 ; Walters v. City of West Monroe , 49,502 (La. App. 2 Cir. 02/04/15), 162 So.3d 419, writ denied , 15-0440 (La. 05/15/15), 170 So.3d 161.
The interpretation of an insurance contract is usually a legal question that can be properly resolved by means of a motion for summary judgment. Bernard v. Ellis , 11-2377 (La. 07/02/12), 111 So.3d 995 ; Cutsinger v. Redfern , 08-2607 (La. 05/22/09), 12 So.3d 945 ; Bumgardner v. Terra Nova Ins. Co. Ltd ., 35,615 (La. App. 2 Cir. 01/23/02), 806 So.2d 945. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Elliott v. Continental Cas. Co. , 06-1505 (La. 02/22/07), 949 So.2d 1247 ; Reynolds v. Select Properties, Ltd. , 93-1480 (La. 04/11/94), 634 So.2d 1180.
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Green ex rel. Peterson v. Johnson , 14-0292 (La. 10/15/14), 149 So.3d 766 ; Marshall v. La. Farm Bureau Cas. Ins. Co. , 50,190 (La. App. 2 Cir. 11/18/15), 182 So.3d 214. An insurance contract must be "construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La. R.S. 22:881 ; Schelmety, supra . When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. In such cases, the insurance contract must be enforced as written. Schelmety, supra .
Insurance companies may limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Schelmety, supra ; Elliott, supra ; Bumgardner, supra . However, exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Schelmety, supra ; Elliott, supra ; Bumgardner, supra . The burden is on the insurer to prove that a loss comes within a policy exclusion. Rodgers v. State Farm Mut. Auto. Ins. , 15-0868 (La. 06/30/15), 168 So.3d 375 ; Schelmety, supra.
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851 through La. R.S. 32:1043, sets forth a mandatory, comprehensive scheme to protect the public from damage caused by motor vehicles. Hawkins v. Redmon, 2009-2418 (La. 07/06/10), 42 So.3d 360, 362. La. R.S. 32:900 provides the minimum, mandatory coverage for automobile liability policies in Louisiana as follows:
A. A "Motor Vehicle Liability Policy" as said term is used in this Chapter, shall mean an owner's or an operator's policy of liability insurance, certified as provided in R.S. 32:898 or 32:899 as proof of financial responsibility, and issued except as otherwise provided in R.S. 32:899, by an insurance carrier duly authorized to transact business in this *818 state, to or for the benefit of the person named therein as insured.
B. Such owner's policy of liability insurance:
(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Fifteen thousand dollars because of bodily injury to or death of one person in any one accident, and
(b) Subject to said limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and
(c) Twenty-five thousand dollars because of damage to or destruction of property of others in any one accident.
(d) An owner may exclude a named person as an insured under a commercial policy if the owner obtains and maintains in force another policy of motor vehicle insurance which provides coverage for the person so excluded which is equal to that coverage provided in the policy for which the person was excluded. The alternative coverage is required for both primary and excess insurance.
C. Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him , within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance.
* * *
E. Such motor vehicle liability policy need not insure any liability under any worker's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such motor vehicle nor any liability for damage to property owned by, rented to, in the charge of or transported by the insured .
(Emphasis added).
The parties do not argue there are any issues of material fact but dispute whether or not Johnson's automobile insurance policy with GEICO violates La. R.S. 32:900. Under Section 1 of Johnson's policy, GEICO provides the following liability coverage:
[W]e will pay damages which an insured becomes legally obligated to pay because of:
1. bodily injury, sustained by a person, and;
2. damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or a non-owned auto. We will defend any suit for damages payable under the terms of this policy.
*819 We may investigate and settle any claim or suit. (Emphasis added.)
The liability coverage includes the mandatory minimum of $25,000 in damage to or destruction of property of others in any one accident.
Furthermore, Section 1 states liability coverage is limited by numerous exclusions, including the following:
9. We do not cover damage to :
(a) property owned, operated or transported by an insured ; or
(b) property rented to or in charge of an insured other than a residence or private garage. (Emphasis added).
GEICO argues, pursuant to La. R.S. 32:900(E), an automobile liability insurer may exclude from coverage damage to property owned, operated, or in the charge of an insured. Since Johnson's policy specifically excludes liability coverage for "damage to... property...in charge of an insure[d]", GEICO claims it is not liable for the damage caused to Lewis' vehicle while Johnson was the permissive driver of the vehicle.
In support of its argument, GEICO cites Allstate Ins. Co. v. Reid , 04-1620 (La. App. 1 Cir. 11/30/05), 934 So.2d 56. In that case, a subrogation action was brought against a defendant-driver who got in an accident while pulling a boat and trailer owned by a friend. The boat and trailer, both insured by Allstate, were damaged in the accident. Allstate paid the friend $7,324.74 for damages to the boat and trailer and then sought to recover the amount from the defendant-driver. The defendant-driver filed a third-party demand against his automobile insurer, State Farm, which denied coverage. The defendant-driver's policy excluded the following from liability coverage: "DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CAR OF OR TRANSPORTED BY AN INSURED." State Farm subsequently filed a motion for summary judgment asserting, among other things, the policy specifically excluded liability coverage for damage to property being transported by the insured. However, the trial court denied State Farm's motion for summary judgment as to the policy exclusion claim, and ultimately, found State Farm liable with the defendant-driver and friend for the damages to the boat and trailer.
Reversing the judgment of the trial court by a 3-2 decision, the Reid court found the defendant-driver's insurance policy with State Farm plainly excluded the boat being transported by the insured and only provided coverage for the non-owned trailer up to the $500 limit enumerated in the policy.[1] The majority concluded the exclusion did not violate La. R.S. 32:900, which requires liability insurers to insure the person named in the policy "against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle." La. R.S. 32:900(B)(2). The majority noted La. R.S. 32:900(E) listed three permissible exemptions from the liability coverage mandated by La. R.S. 32:900 B(2):
Properly read, Subsection E provides that the policy need not insure: (1) any liability under any workers' compensation law; (2) any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic of the insured, or while engaged in the operation, maintenance or repair of any such motor vehicle, and (3) any liability for damage to property owned by, rented to, in the charge of or transported by the insured.
*820 Allstate Ins. Co. v. Reid , supra at 62-63 (emphasis added).
Accordingly, the majority declared La. R.S. 32:900(E) permitted the exclusion of liability coverage for damage to property transported by the insured, and State Farm could not be held liable for the damage to the friend's boat. See also State Farm Fire & Cas. Ins. Co. v. Delatte , 01-1001 (La. App. 5 Cir. 12/26/01), 806 So.2d 806.
To the contrary, Lewis argues La. R.S. 32:900(E) is inapplicable because this case does not involve an employer-employee relationship. In support of her argument, Lewis cites the dissenting opinion in Reid, supra , where Judge John T. Pettigrew opined that La. R.S. 32:900(E)"only allows insurers to exclude coverage for situations covered under the Louisiana Workers' Compensation statutes and commercial liability policies."
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. After reviewing La. R.S. 32:900 in its entirety, we agree with the majority in Reid and find Subparagraph E is a list of three permissible exclusions to La. R.S. 32:900B(2). As stated by the Reid majority, "[t]his reading is dictated by the legislature's use of the word "nor" to separate the three situations for which liability coverage is not mandated." Reid , supra at 62. One of those situations is liability for "damage to property owned by, rented to, in the charge of or transported by the insured" notwithstanding Louisiana Workers' Compensation statutes and commercial liability policies.
While Reid dealt with the exclusion for damage to property being "transported" by the insured, the exclusion pertinent to the instant matter is damage to property "in the charge of an insured." This court has previously defined the meaning of "in charge of" in an insurance contract as "the right to exercise dominion or control over[.]" Commercial Union Ins. Co. of New York v. Hardcastle , 188 So.2d 698, 700 (La. App. 2 Cir. 1966) ; see also White v. State Farm Mut. Auto. Ins. Co. , 419 So.2d 1279, 1280 (La. App. 1 Cir. 1982), writ denied , 422 So.2d 164 (La. 1982). Since Johnson was driving the vehicle with Lewis' permission when the accident occurred, she clearly had the right to exercise dominion or control over Lewis' vehicle when it was damaged.
Although Johnson's policy provided liability coverage up to $25,000 for damage to property arising out of her use of a non-owned vehicle, it specifically excluded liability coverage for damage to property in her charge. For example, if Johnson had caused a two-vehicle accident while driving Lewis' vehicle and was found liable for damage to the other vehicle, GEICO would be obligated to for pay the damage. However, GEICO would not be obligated to pay for the damage to Lewis' vehicle. Since the exclusion at issue does not interfere with liability coverage for damage to the property of others arising out of Johnson's use of non-owned vehicles, it is a permissible exclusion pursuant to La. R.S. 32:900(E) and the trial court erred in denying GEICO's motion for summary judgment.
CONCLUSION
For the foregoing reasons, GEICO's writ application is granted and made peremptory. We reverse the judgment of the trial court and grant GEICO's motion for summary judgment. Lewis' action against GEICO is dismissed and she is assessed costs of appeal.
*821 WRIT GRANTED AND MADE PEREMPTORY; SUMMARY JUDGMENT IN FAVOR OF GEICO IS GRANTED; ACTION DISMISSED.
APPLICATION FOR REHEARING
Before WILLIAMS, GARRETT, PITMAN, COX and STONE, JJ.
Rehearing denied.

State Farm had already tendered $500 to Allstate for the damage to the friend's trailer.