Judgment rendered September 22, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,060-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JARRELL E. GODFREY, JR.                    Plaintiff-Appellant

versus

GO AUTO INSURANCE                          Defendants-Appellees
COMPANY AND CRAIG
DEWAYNE JONES

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of Tensas, Louisiana
Trial Court No. 24397

Honorable Michael E. Lancaster, Judge

* * * * *

JARRELL E. GODFREY, JR.                    In Proper Person,
                                           Appellant

BRADLEY J. GADEL, APLC                     Counsel for Appellee,
By: Bradley John Gadel                     Go Auto Insurance
                                           Company

VOORHIES & LABBÉ                           Counsel for Appellee,
By: Cyd Sheree Page                        Craig Dewayne Jones

* * * * *

Before MOORE, STONE, and ROBINSON, JJ.

MOORE, C.J., concurs with written reasons.

**STONE, J.**

## INTRODUCTION

The plaintiff-appellant, Jarrell Godfrey, Jr., filed this action seeking to recover for damage to his 2004 Chevrolet Suburban, which defendant Craig Jones was using without permission and crashed into a utility pole in a single vehicle accident. At the time of the crash, Jones had in effect a motor vehicle liability policy ("MVLP") issued by the defendant-appellee, Go Auto Insurance Company ("Go Auto").

Go Auto filed a motion for summary judgment ("MSJ") arguing that Godfrey's claim is not covered by the MVLP because there is an applicable exclusion in the policy. The Go Auto policy issued to Jones excludes from liability coverage "**property damage to any property…owned by, being transported by, used by, or in the care, custody or control of, a covered person**." (Emphasis added).

Godfrey filed his own MSJ, arguing that the Go Auto MVLP does provide liability coverage for his claim because the exclusion is unenforceable. Godfrey introduced his own affidavit (for the purpose of summary judgment) attesting to the fact that Jones did not have permission to use the vehicle, and no conflicting evidence was admitted for the purpose of summary judgment.

After a hearing, the trial court granted Go Auto's MSJ and dismissed Godfrey's claims against Go Auto with prejudice. In so doing, the trial court rejected Mr. Godfrey's argument that the Go Auto policy exclusion is unenforceable.

The trial court ruled that this exclusion: (1) applies to the plaintiff's claim; and (2) does not violate the mandate of coverage in La. R.S.

32:900(C) of the Louisiana Motor Vehicle Safety Responsibility Law. The trial court held that the exclusion is enforceable because it invokes the exception thereto (provided in La. R.S. 32:900(E)) for damage to property "in [the] charge of" the insured. As support for the latter holding, the trial court relied on *Lewis v. GEICO Cas. Co.*, 51,864 (La. App. 2 Cir. 4/27/18), 246 So. 3d 815, 817, *writ denied*, 2018-1024 (La. 10/8/18), 253 So. 3d 796. In its written reasons for judgment, the trial court stated that the vehicle is "in [the] charge of" the driver *regardless* of whether the driver has the owner's permission to use the vehicle.

Godfrey now appeals, and enumerates seven assignments of error. However, our disposition of Godfrey's first assignment of error renders all the others moot: the Louisiana Motor Vehicle Safety Responsibility Law, which establishes the legal requirement of liability insurance for motor vehicles operated on Louisiana roads, renders the exclusion on which Go Auto relies unenforceable. For this reason, we reverse the judgment granting Go Auto's MSJ and remand this case for further proceedings consistent with this opinion.

## DISCUSSION

La. C.C.P. art. 966(A), in relevant part, states:

> (3) After an opportunity for adequate discovery, a motion for summary judgment **shall** be granted if the motion, memorandum, and supporting documents show that there is **no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.**[1] (Emphasis added).

---

[1] The relevant facts are not in dispute. This case presents purely a question of law.

2

Appellate courts review summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Lewis, supra.*

An insurance policy is a contract between the parties. *Id.* In *Lewis, supra*, we explained:

> Insurance companies may limit coverage in any manner they desire**, so long as the limitations do not conflict with statutory provisions** or public policy. (Emphasis added).

*Id.*

Those statutory limitations are embodied, in part, by the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851 *et seq.,* which establishes the legal requirement that motor vehicles operated on Louisiana roads must be covered by liability insurance. It also defines the scope of that compulsory motor vehicle liability insurance. If a certain risk or loss is within that scope, policy exclusions seeking to deny coverage of that risk or loss are unenforceable.

To that end, La. R.S. 32:900(C) sets forth a general rule mandating liability coverage "for damages arising out of the use by [the named insured] of any motor vehicle not owned by him." However, La. R.S. 32:900(E) sets forth exceptions to this general rule; the language relevant to this case is as follows:

> E. Such motor vehicle liability policy need not insure any liability …**for damage to property owned by, rented to, in charge of or transported by the insured.**

Thus, liability coverage is not mandated when the insured's liability is for damage to property: (1) owned by the insured; (2) rented to the insured; (3) transported by the insured; or (4) that is "in [the] charge of" the insured. A

person is "in charge of" property if that person has "***the right*** to exercise dominion or control" over it. *Lewis, supra*, at 820. (Emphasis added).

In *Lewis*, *supra*, this court held that if the owner of a motor vehicle gives another person permission to drive the motor vehicle, it is "in [the] charge of" the other person for purposes of La. R.S. 32:900(E):

> Since Johnson was driving the vehicle *with Lewis' permission* when the accident occurred, she clearly had *the right* to exercise dominion or control over Lewis' vehicle when it was damaged. (Emphasis added).

*Id*. at 820.

The trial court's holding directly conflicts with our reasoning in *Lewis*, *supra,* wherein we specifically stated that the owner's permission was our basis for holding that the driver was "in charge of" the owner's vehicle. *Lewis* at 820. Accordingly, Jones did not have "***the right*** to exercise dominion or control" over Godfrey's vehicle because he did not have Godfrey's permission to do so. The trial court erred in granting of Go Auto's MSJ. Because Jones used Godfrey's vehicle without permission, the vehicle was not in Jones' charge, and application of the Go Auto liability coverage exclusion would be in violation of La. R.S.32:900(C).

## CONCLUSION

The trial court judgment granting Go Auto's MSJ is **REVERSED** and this case is **REMANDED** to the district court for further proceedings consistent with this opinion. All costs of this appeal are assigned to Go Auto.

4

**MOORE, C.J., concurs.**

I concur in reversing the summary judgment and remanding the case for further proceedings. The district judge, who was on the eve of retirement, commendably sought to clear his docket and leave no unfinished business for his successor; however, by scheduling all pending motions to be heard on one date during his last month in office, he unduly prejudiced Godfrey's position and gave short shrift to his arguments. In my view, he did not give proper consideration to the issues raised by this motion and by Godfrey's opposition. I therefore concur in the result.